OPINION AND JUDGMENT ENTRY
This matter is before the court pursuant to the state's App.R. 12(J) appeal. The state contests the trial court's order suppressing evidence obtained following an investigative stop of appellee Kevin T. Schneider's motorcycle.
The following facts are relevant to this appeal. On September 1, 1998, appellee was arrested by the Ohio State Highway Patrol and charged with operating his motorcycle under the influence of alcohol, a violation of R.C. 4511.19(A) (1) and (A) (3), and driving outside of marked lanes, a violation of R.C.4511.33. On September 4, 1998, appellee entered a plea of not guilty to the charges.
On October 28, 1998, appellee filed a motion to suppress all evidence obtained as a result of the investigatory stop, including the results of all field sobriety tests and the BAC verifier. At the hearing held on the motion, the following evidence was presented.
Ohio State Highway Patrol Officer, Trooper Jason Smith, testified that on September 1, 1998, he was patrolling S.R. 25, in Wood County, Ohio, from the northern border of Perrysburg, to the southern border of Bowling Green. At approximately 1:00 a.m., Smith was proceeding south on S.R. 25 and saw appellee cross S.R. 25 at Five Point Road. Smith stated that his decision to follow appellee was simply a part of his routine patrol, and not due to a belief that appellee was impaired.
Smith testified that he followed appellee, east on Five Point Road, for approximately one mile, between S.R. 25 and the Interstate 75 overpass. Smith stated that appellee was driving very erratically and that he was
 "going from the center line or the dotted yellow line and he would — just before he would head back, he would jerk back over and go clear over to the white line on the right side of the road. He continued to do this the entire length that I was behind him."
Smith was about to pull appellee over based upon "articulable suspicion," but decided to wait until they got to the other side of the overpass. Prior to pulling him over, appellee crossed the white side line, ran onto the berm kicking up stone, and jerked his motorcycle back onto the road.
On January 6, 1999, the trial court granted appellee's motion to suppress. In its judgment entry, the trial court stated:
 "[T]here must still be a reasonable suspicion of a violation of the law. Here, the Trooper testified that the defendant had not violated the law while driving and, therefore, would not issue a traffic citation for `unsafe driving.' `Unsafe driving' is an ambiguous term and requires an articulable suspicion of criminal activity to permit a warrantless stop under The Fourth Amendment."
The state filed a motion for reconsideration on January 7, 1999. It was withdrawn on January 13, 1999, prior to a ruling, in order to timely file an appeal with this court.
On appeal, appellant has set forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "I. THE COURT ERRED IN FINDING THERE WAS NO ARTICULABLE REASONABLE SUSPICION TO STOP THE APPELLEE'S MOTORCYCLE WHEN IT WAS OBSERVED IN THE EARLY MORNING HOURS WEAVING BOTH IN ITS LANE AND OUTSIDE ITS TEN FOOT WIDE LANE AND ITS FINDING WAS ERROR AS A MATTER OF LAW.
 "A. TESTIMONY CONCERNING DEFENDANT'S WEAVING WITHIN HIS OWN LANE OF TRAVEL IS ITSELF SUFFICIENT ARTICULABLE REASONABLE SUSPICION TO JUSTIFY A STOP AND THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS FINDING.
 "B. THE TRIAL COURT ERRED WHEN IT DID NOT APPLY THE TOTALLY OF CIRCUMSTANCES TEST TO THE FACTS OF THIS CASE.
 "C. THE TRIAL COURT UTILIZED THE WRONG STANDARD OF PROOF IN DECIDING THAT THE DEFENDANT COMMITTED NO TRAFFIC VIOLATIONS AND ITS FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"SECOND ASSIGNMENT OF ERROR
 "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING THE MOTION TO SUPPRESS OF THE DEFENDANT-APPELLEE, IN THAT THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION DOES NOT PROHIBIT A LAW ENFORCEMENT OFFICER FROM STOPPING A MOTOR VEHICLE WHEN THE LAW ENFORCEMENT OFFICER IS ENGAGING IN THE SAFETY OR COMMUNITY CARETAKING FUNCTION."
In its first assignment of error, appellant challenges the standard of proof the trial court used to determine that the officer lacked sufficient reason to stop appellee's vehicle.
In examining a trial court's ruling on a motion to suppress, a reviewing court must bear in mind that weighing the evidence and determining the credibility of witnesses is left to the trier of fact. State v. Mills (1992), 62 Ohio St.3d 357,366, citing State v. Fanning (1982), 1 Ohio St.3d 19, 20. An appellate court must independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein (1991),73 Ohio App.3d 486, 488.
In order to make a brief, investigative stop, a law enforcement officer must have a reasonable and articulable suspicion of criminal activity. Terry v. Ohio (1968), 392 U.S. 1. To justify a stop under Terry, an officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. State v. Williams (1990), 51 Ohio St.3d 58, 60.
This court has held that "weaving, whether within or outside one's lane, is indicative of erratic driving which authorizes the police to stop a vehicle." State v. Lopez (Dec. 3, 1993), Lucas App. No. L-92-422, unreported, citing Montpelier v.Lyon (May 1, 1987), Williams App. No. WMS-86-16, unreported. See, also, State v. Pennington (June 30, 1999), Wood App. No. WD-98-086; Oregon v. Weiser (Feb. 12, 1999), Lucas App. No. L-98-1019; and Maumee v. Hendrzak (Aug. 7, 1992), Lucas App. No. L-91-291, unreported.
In the instant case, it is uncontradicted that appellee, within a one-mile stretch of road, continued to drive his motorcycle from the yellow, dotted center line clear over to the white edge line in a "jerky" and abrupt manner. Following our prior case law, we conclude that the officer had articulable facts giving rise to a reasonable suspicion sufficient to stop appellee's motorcycle. Accordingly, appellant's first assignment of error is well-taken.
Appellant's second assignment of error advances the community caretaking function.[1] Because we have determined that the officer did have a reasonable basis to order the appellee's stop we find the assigned error moot and, therefore, not well-taken.
On consideration whereof, the court finds the state was prejudiced by the granting of the motion to suppress and the judgment of the Perrysburg Municipal Court is reversed. This cause is remanded for further proceedings not inconsistent with this decision. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J. JUDGE
 _______________________________ Richard W. Knepper, J. JUDGE
 _______________________________ Mark L. Pietrykowski, J. JUDGE
CONCUR.
[1] The "community caretaking function" is set forth in Cadyv. Dombrowski (1973), 413 U.S. 433, and encompasses those contacts, by law enforcement officers, "totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute." Id. at 441.